IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. FARRIS, ) | |
|     Plaintiff, ) | Civil Action No. 14-444 |
| ) | |
|     vs. ) | Chief Magistrate Judge Lisa P. Lenihan |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION**
**ON MOTION OF DEFENDANT TO DISMISS UNDER FED. R. CIV. P. 12, 28 U.S.C. §§ 2401(b), and 2675(a)**

**I. Summation**

The Motion to Dismiss filed by Defendant United States of America ("Defendant") will be denied, as William Farris ("Plaintiff") properly filed his complaint before the six-month statute of limitations expired pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) (2012), interpreted in accordance with Fed. R. Civ. P. 6(a) (2012) and the holding of the Court of Appeals for the Third Circuit in Frey v. Woodward, 748 F.2d 173, 175 (3d Cir. 1984).

**II. Factual and Procedural History**

Plaintiff is an individual residing in New Castle, Pennsylvania. See Plaintiff's Complaint ("Complaint") (ECF No. 1) at ¶ 1. Plaintiff asserts a claim under the FTCA, arising from a motor vehicle collision with a United States Postal Service ("USPS") truck. See id. at ¶¶ 2, 7.

Defendant, the United States of America, is the owner and operator of the USPS, an independent agency of the United States federal government. See id.

On or about December 18, 2012, Plaintiff's vehicle and Defendant's USPS truck collided in Pagley's Pasta & More parking lot located in New Castle, Pennsylvania. See id. at ¶ 7. Plaintiff alleges that Defendant's USPS agent "negligently operated his postal truck" while driving through and exiting Pagley's Pasta & More's parking lot. Plaintiff asserts that Defendant's negligence caused the USPS truck to strike the right corner of Plaintiff's bumper while Plaintiff's vehicle was stopped. See id. at ¶ 8.

As a result of the accident, Plaintiff claims to have suffered several physical injuries, including "severe pain in his back, face, left elbow, and right hip", which he further alleges have caused him to become disabled from his work. Id. at ¶¶ 9-14. At some point after the accident, Plaintiff filed an administrative tort claim with the USPS. See Defendant's Mem. of Law In Support of Its Motion to Dismiss (ECF No. 5) at ¶ 4. The USPS denied the administrative tort claim and mailed its denial letter to Plaintiff on October 4, 2013, via certified mail. See Ex. A (ECF No. 1-2).

On April 7, 2014, Plaintiff filed a complaint in the United States District Court for the Western District of Pennsylvania pursuant to the FTCA. See ECF No. 1. Plaintiff asserts one count of negligence against Defendant and seeks money damages. See id. at ¶¶ 17-20. In response, on May 5, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint. See Defendant's Motion to Dismiss (ECF No. 4). Defendant avers that by filing his complaint on April 7, 2014, Plaintiff failed to satisfy 28 U.S.C. § 2401(b), which stipulates that a tort action against the government must be filed "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."

### III. Applicable Standard of Review

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Fed. R. Civ. P 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. Univ. of Pittsburgh Med. Ctr. Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quotation marks and citations omitted); see also Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d Cir. 2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. Apr. 3, 2014).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

### IV. Analysis

As a threshold matter, the Court must address Defendant's 12(b)(6) motion. Defendant seeks dismissal of this FTCA claim based on an alleged violation of a statute of limitations,

3

which Defendant has the burden to establish. See Hughes v. United States, 263 F.3d 272 (3d Cir. 2001) (holding that the FTCA's statute of limitations is not jurisdictional and an alleged failure to comply with the statute should be presented as an affirmative defense, which the defendant has the burden of establishing). Specifically, Defendant argues that because the USPS's denial letter was sent to Plaintiff on October 4, 2013, and he did not file his complaint until April 7, 2014, Plaintiff failed to abide by § 2401(b)'s six-month statute of limitations requirement. See ECF No. 5 at 2.

The FTCA requires that prior to asserting a claim in federal court, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (2012). Furthermore, "unless [the Federal Court] action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which [the claim] was presented" the tort claim "shall be forever barred." 28 U.S.C. § 2401(b).

As the Court of Appeals for the Third Circuit has observed, § 2401(b) specifies a time limitation, but "does not contain a time computation rule." Frey v. Woodward, 748 F.2d 173, 175 (3d Cir. 1984). In Frey, the Third Circuit affirmed the trial court's decision to use Fed. R. Civ. P. 6(a) as a method for computing time under § 2401(b). It stated: "Both with its beginning and with its end[,] interpretation is required . . . [Rule 6(a)], excluding at the front end the day of the critical event, and excluding at the back end Saturdays, Sundays, and legal holidays, provides certainty, and if uniformly applied, uniformity." Id.

Thus, in computing time, Rule 6(a) directs this Court to "exclude the day of the event that triggers the period" and to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Fed. R. Civ. P. 6(a).[1]

Accordingly, the day that Defendant mailed the final denial letter, October 4, 2013, which triggered the six-month period, is excluded; the period began to toll on October 5, 2013 and expired on April 5, 2014. Since April 5, 2014 was a Saturday, Plaintiff had until "the end of the next day that [was] not a Saturday, Sunday or legal holiday" to file his complaint. Fed. R. Civ. P. 6(a). He did so on Monday, April 7, 2014. See ECF No. 1. Because Plaintiff filed his Complaint in federal court within the six-month statute of limitations, Defendant's Motion to Dismiss will be denied.[2]

---

[1] Even though the circumstance in Frey v. Woodward, 748 F.2d 173 (3d Cir. 1984) required only the application of Rule 6(a)'s weekend provision, the Third Circuit stated that Rule 6(a) in its entirety applies to interpret § 2401(b). Cf. Frey, 748 F.2d at 175 ("Aside from the government's rule of interpretation that the claimant ought always to lose, no more satisfactory rule has been called to our attention than that, approved by Congress, and announced in Rule 6(a). That rule . . . provides certainty and, if uniformly applied, uniformity.").

[2] Although an earlier filing might have spared time and expense of the parties and this Court, Plaintiff was within his rights.

## V. Conclusion

For the reasons set forth above, this Court will enter an Order consistent with this Memorandum Opinion denying Defendant's Motion to Dismiss (ECF No. 4).


    /s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Chief Magistrate Judge

Dated: August 26, 2014